REGAN, Judge.
The plaintiff, Allied Concord Financial Corporation, filed this suit against the defendants, Herbert W. Morgan, Pauline Morgan and Edwin Haber, endeavoring to recover the sum of $3,386.25, together with interest and attorney’s fees, representing the balance which the plaintiff asserts is due on a promissory note executed by Mr. and Mrs. Morgan in favor of Haber, d/b/a Carroll-ton Plumbing and Heating, and endorsed “without recourse” by Haber to Allied Concord Financial Corporation.
Mr. and Mrs. Morgan answered and therein asserted that the obligation represented by the note was discharged by virtue of a proceeding filed by them in conformity with the Bankruptcy Act.
Haber also answered and as a defense simply relied upon his endorsement of the promissory note “without recourse”.
From a judgment in favor of the defendant, Edwin Haber, the plaintiff has prosecuted this appeal.
The record discloses that Mr. and Mrs. Morgan desired, to renovate their home and accordingly entered into three contracts for various phases of the work. Haber, one of the contractors, arranged for the plaintiff to finance the construction work, and in lieu of the execution of three promissory notes as security for the payments to be made by the plaintiff to the individual contractors, one note was obtained in the amount of *295 $4,725.00 payable to Haber in his trade name of Carrollton Plumbing and Heating. Subsequently, Haber endorsed the note “without recourse” to the plaintiff. The plaintiff agreed to accept the note with its restrictive endorsement upon condition that the three building contracts would be reduced to writing and then recorded in the mortgage office.
Subsequently, the three contracts were completed and the respective contractors were paid. Thereafter, the contractors and the owners, that is the Morgans, joined in effecting a cancellation of the contracts, which, as we said, were inscribed in the mortgage records.
The theory upon which the plaintiff’s counsel relies for the success of his aspect of the case is quite tenuous. He argues that the recordation of the building contracts created a “privilege” or other security device which in some unexplained way became an accessory to the principal obligation represented by the promissory note. Therefore, he insists that despite the restrictive endorsement, the defendant was an assignor of the note, which carried with it the so-called “privilege” created by the recordation of the contracts. The plaintiff then endeavors to establish that the defendant was guilty of “wrong doing” in entering into the cancellation of the contracts with the owners of the property, that is, the Morgans, which deprived the plaintiff of its “privilege”.
The plaintiff, in substantiation of the foregoing conclusion, argues that R.S. 9:-4802 creates a privilege against the property by the mere recording of the building contract. This statutory provision reads:
“ * * * Such recordation shall preserve the privileges on the building or other work of improvement, and on the land on which it is situated, in favor of every undertaker, architect, consulting engineer, contractor, master mechanic, or contracting engineer, and all sub-contractors, workmen, journeymen, cartmen, truckmen, laborers, mechanics, or fur-nishers of material, machinery, or fixtures as their interest may arise. * * * ”
However, even a cursory analysis of this statute reveals that it was intended to serve as a vehicle by virtue of which a contractor or laborer could preserve a privilege which he obtained by working upon a building. It presupposes the existence of an unpaid obligation, and obviously does not, of itself, create a lien in the absence of a claim for unpaid labor or materials. While we agree with the plaintiff’s contention that the rec-ordation of the contract is the only manner in which a contractor may preserve his lien, we hasten to point out that a lien must in fact exist before it can be preserved. In this case, the evidence is unequivocal to the effect that all work was satisfactorily performed, and the contractors were duly paid. Thus, there was no lien on the property which could have been transferred by an assignment of the note.
In any event, the Negotiable Instruments Law fully encompasses the facts hereof, and it provides that an endorsement without recourse constitutes a qualified endorsement, thereby making the endorser a mere assignor of the title to the instrument.[1] However, even a qualified endorsement carries with it a warranty that the instrument is genuine and is exactly what it purports to be, that the endorser has good title to the instrument, that the prior parties had capacity to contract, and that the endorser has no knowledge of any fact which would impair the validity or value of the instrument.[2] To reiterate, the defendant made and the plaintiff accepted a qualified endorsement, whereby he transferred the note “without recourse”. Such an endorsement simply made the defendant a mere assignor of the title to the instrument and nothing more.
The untenable position of the plaintiff herein is further demonstrated by the fact *296 that the defendant, as one of the contractors, upon being paid the full amount due him, had no alternative but to join with the owners of the property in cancelling the contract. If he had done otherwise, he may have been subjected to a law suit by the owner for causing a defect or cloud to exist on the title to the property.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. LaJEt.S. 7:88.

. La.R.S. 7:65.